**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 3:21-cr-__026____ |
| | ) | |
| ODELL S. ANDERSON, SR, | ) | Conspiracy to Sponsor, Engage In, |
| Defendant, | ) | Train For, etc. Animal Fighting Venture |
| | ) | 7 U.S.C. § 2156 |
| | ) | 18 U.S.C. §§ 49, 371 |
| | ) | (Count One) |
| | ) | |
| | ) | Take Minor Child to Animal Fighting Venture |
| | ) | 7 U.S.C. § 2156 |
| | ) | 18 U.S.C. § 49 |
| | ) | (Count Two) |

CRIMINAL INFORMATION

Raj Parekh, Acting United States Attorney for the Eastern District of Virginia, charges that:

1.      At all times relevant to this Information, Defendant ODELL S. ANDERSON, SR., was a resident of Washington, District of Columbia, and had coconspirators who were residents of King George County, Virginia ("coconspirator CH"); Frederick, Maryland ("coconspirator CM"); Glenn Dale, Maryland ("coconspirator CM"); New Jersey ("coconspirator MA"); and elsewhere in the United States of America.

2.      An "animal fighting venture" is "any event, in or affecting interstate or foreign commerce, that involves a fight conducted or to be conducted between at least 2 animals for purposes of sport, wagering, or entertainment." 7 U.S.C. § 2156(f).

**COUNT ONE**
**(Conspiracy)**

3.      Paragraphs 1 and 2 are incorporated by reference as though fully contained herein.

4.      Starting before April 2, 2013, and continuing through and including on or about July 11, 2018, in the Eastern District of Virginia, and elsewhere within the jurisdiction of this

Court, the defendant, ODELL S. ANDERSON, SR., did knowingly, intentionally, and unlawfully combine, conspire, confederate, and agree with others, both known and unknown, to commit the following offenses:

### Objects of the Conspiracy

5. To sponsor and exhibit dogs in animal fighting ventures, in violation of Title 7, United States Code, Section 2156(a)(1), and Title 18, United States Code, Section 49; and

6. To sell, buy, possess, train, transport, deliver, and receive dogs for the purposes of having the dogs participate in animal fighting ventures, in violation of Title 7, United States Code, Section 2156(b) and Title 18, United States Code, Section 49.

### Manner and Means of the Conspiracy

7. It was part of the conspiracy that the defendant and his coconspirators would maintain property and equipment for the purpose of housing and training pit bull-type dogs for use in dog fights.

8. It was further a part of the conspiracy that the defendant and his coconspirators would train pit bull-type dogs for use in dog fights.

9. It was further a part of the conspiracy that the defendant and his coconspirators arranged to fight pit bull-type dogs in dog fights.

10. It was further a part of the conspiracy that the defendant and his coconspirators would transport pit bull-type dogs for use in dog fights.

11. It was further a part of the conspiracy for the defendant and his coconspirators to participate in and attend dog fights.

12. It was further a part of the conspiracy that the defendant and his coconspirators would fight pit bull-type dogs in dog fights, including "rolls" or "play," which were fights staged between dogs for the purpose of determining the dogs' propensity for fighting.

13.     It was further a part of the conspiracy that the defendant and his coconspirators and others communicated with one another by telephone, text message, and other electronic means, about: the transport, delivery, transfer, exchange, purchase, sale, breeding, training, and receipt of particular fighting dogs; arrangements for dog fights; and the aptitude, abilities, and fighting histories of particular fighting dogs.

**Overt Acts**

14.     In furtherance of the conspiracy and to effect the unlawful objects, the following overt acts, among others, were committed in the Eastern District of Virginia and elsewhere within the jurisdiction of the Court:

Overt Act 1:   On one or more dates between on or about April 2, 2013, and on or about July 13, 2013, the defendant, ODELL S. ANDERSON, SR., and coconspirator CM established the defendant, ODELL S. ANDERSON, SR.'s dog fighting kennel name and arranged multiple dog fights.

Overt Act 2:   Starting before and continuing through and including June 9, 2013, and on or about June 1, 2016, the defendant, ODELL S. ANDERSON, SR., housed, in and around his residence, in the District of Columbia, at least one pit bull-type dog for use in dog fights, and possessed dog fighting equipment.

Overt Act 3:   From on or about November 2013, to on or about October 2015, the defendant, ODELL S. ANDERSON, SR., maintained frequent contact with coconspirator CM and coconspirator EP via telephone, Facebook messenger, and text messages, including contacting each of them on the same day and/or week, and sending dog "pedigrees" from the underground dog fighting website known as "Peds Online."

Overt Act 4:   Between on or about October 31, 2015, and on or about January 9, 2016, the defendant, ODELL S. ANDERSON, SR., and conspirator CM arranged multiple dog fights.

Overt Act 5:   On or about November 3, 2015, the defendant, ODELL S. ANDERSON, SR., offered to sell a female dog that had been used in his dog fighting venture, to coconspirator EP.

Overt Act 6:   Beginning on or about January 22, 2016, the defendant, ODELL S. ANDERSON, SR., assisted coconspirator CM by "hooking" up coconspirator CM's dog with another person's dog for a dog fight to occur approximately seven weeks later.

Overt Act 7:   On or about January 30, 2016, coconspirator CM and coconspirator EP texted the defendant, ODELL S. ANDERSON, SR., agreeing to the terms of a dog fight between them that had been arranged by the defendant, ODELL S. ANDERSON, SR., to take place on April 3, 2016.

Overt Act 8:   On or about January 31, 2016, the defendant, ODELL S. ANDERSON, SR., texted coconspirator EP the phone number for conspirator CM for the April 3, 2016, dog fight.

Overt Act 9:   From on or about February 9, 2016, to on or about February 21, 2016, the defendant, ODELL S. ANDERSON, SR., and coconspirator CM made arrangements to set up a "play" fight involving 40-pound male dogs.

Overt Act 10:   From on or about February 17, 2016, to on or about April 1, 2016, the defendant, ODELL S. ANDERSON, SR., sent out texts to various individuals that included videos and photos of his dog being trained for the April 2016 dog fight.

Overt Act 11:  On or about February 25, 2016, coconspirator CH texted the defendant, ODELL S. ANDERSON, SR., coconspirator MA's cell phone number for the April 3, 2016 dog fight.

Overt Act 12:   On or about March 13, 2016, the defendant, ODELL S. ANDERSON, SR., texted coconspirator EP, "Can we play today," referring to a chain weight training dog fight.

Overt Act 13:  On or about March 13, 2016, coconspirator CM texted the defendant, ODELL S. ANDERSON, SR., "You got a male 43 44, right quick," attempting to set up a chain-weight training dog fight.

Overt Act 14:  On or about March 28, 2016, the defendant, ODELL S. ANDERSON, SR., texted coconspirator CH, "Make sure no open invitation … No walk-ins please," referring to the upcoming April 3, 2016, dog fight.

Overt Act 15:  On or about March 29, 2016, coconspirator CH confirmed that the two-card dog fights on April 3, 2016, would proceed as scheduled by texting the defendant, ODELL S. ANDERSON, SR., "Everything still square right ... For both." The defendant, ODELL A. ANDERSON, SR., replied, "Yes sir."

Overt Act 16:   On or about April 3, 2016, the defendant, ODELL ANDERSON, SR., coconspirator CH, coconspirator EP, and others met at the Walmart parking lot in King George, Virginia, for purposes of traveling to the venue for the planned dog fighting venture.

Overt Act 17:   On or about April 3, 2016, the defendant, ODELL S. ANDERSON, SR., coconspirator CH, coconspirator EP, and others followed a vehicle

from the Walmart parking lot in King George, Virginia, to the dog fight location in King George, Virginia – the house of a relative of coconspirator CH.

Overt Act 18:  On or about April 3, 2016, the defendant, ODELL S. ANDERSON, SR., fought his dog in a dog fight in King George, Virginia, against coconspirator MA's dog from New Jersey, a fight also attended by coconspirator CH, coconspirator EP, and coconspirator CM.

Overt Act 19:  On or about April 3, 2016, coconspirator EP and conspirator CM, fought their dogs against each other in a dog fight in King George, Virginia, as arranged by the defendant, ODELL S. ANDERSON, SR., and attended by coconspirator CH and coconspirator MA.

Overt Act 20:  On or about April 30, 2016, to on or about May 4, 2016, at the request of coconspirator CM, the defendant, ODELL S. ANDERSON, SR., attempted to arrange a dog fight with coconspirator CM's "37 38 male" and another fighter's dog.

Overt Act 21:  On or about May 27, 2016, the defendant, ODELL S. ANDERSON, SR., texted coconspirator CM, "Are we playing with the girls today," and coconspirator CM responded, "U ready now?" The defendant, ODELL S. ANDERSON, SR., then called coconspirator CM's cell phone.

Overt Act 22:  From in or about May 2017, to in or about July 2017, coconspirator CH trained "Katie" aka "Asesina" in a "keep," which is the training regimen, usually lasting several weeks, that a fighting dog undergoes leading up to a dog fight.

Overt Act 23:  Between in or about October 2017, and in or about March 2018, coconspirator CM arranged dog fights involving "Katie" aka "Asesina" with other suspected fighters.

Overt Act 24:   In or around April 2018 to May 2018, coconspirator CM arranged for "Katie" aka "Asesina" to be transported and bred with a fighting dog in North Carolina.

Overt Act 25:  On or about April 11, 2018, coconspirator CH received from "Duck," the fighting dog pedigree or "bloodline" information from the dog fighting website "Peds Online" of the dog "Katie" aka "Asesina" and responded, "Her name is killer Katie." Coconspirator CH then responded by attaching several photos of "Katie" aka "Asesina" and stated, "I think she looked better wit [sic] me," referring to his prior "keep" of her.

Overt Act 26:  On or about April 16, 2018, coconspirator CM transmitted blood test results for "Katie" aka "Asesina" to coconspirator CH indicating that Katie was sick, and then coconspirator CM called off a scheduled dog fight involving "Katie."

Overt Act 27:  On or about April 22, 2018, coconspirator CH arranged the transportation of the dog "Katie" aka "Asesina" from King George, Virginia, to coconspirator CM in Maryland.

Overt Act 28:   On or about June 1, 2018, coconspirator CH texted coconspirator CM asking, "how is katie" and coconspirator CM responded, "She good. I bred her to a Eli dog … Cardenas."

Overt Act 29:  On or about July 10, 2018, coconspirator CM discussed scheduling a dog fight with coconspirator CH for September 2018, with an opening wager of "4K

plus," for "Katie" aka "Asesina" after confirming "No pups" and that she would be "back open@ 29" referring to the weight at which coconspirator CM would agree to fight her.

Overt Act 30:  Beginning before and continuing through and including July 11, 2018, coconspirator CM housed, outdoors at his residence in Maryland, one pit bull-type dog for use in dog fights, and possessed dog fighting equipment.

Overt Act 31:  Beginning before and continuing through and including July 11, 2018, coconspirator CH housed, outdoors at his residence in King George, Virginia, at least eleven pit bull-type dogs for use in dog fights, and possessed dog fighting equipment.

Overt Act 32:  Beginning before and through and including July 11, 2018, coconspirator EP housed, indoors at his residence in Maryland, at least ten pit bull-type dogs for use in dog fights, and possessed dog fighting equipment.

(In violation of Title 7, United States Code, Section 2156(a)(1); Title 18, United States Code, Sections 49 and 371.)

## COUNT TWO
(Taking a Minor to an Animal Fighting Venture)

15.     Paragraphs 1 and 2 are incorporated by reference as though fully contained herein.

16.     On or about April 3, 2016, in King George County, in the Eastern District of Virginia, the defendant, ODELL S. ANDERSON, SR., did knowingly and unlawfully cause an individual who had not attained the age of 16 to attend an animal fighting venture.

(In violation of Title 7, United States Code, Section 2156(a)(2)(B), and Title 18, United States Code, Section 49.)

## FORFEITURE ALLEGATION

17.     The allegations contained in Counts One and Two of this Information are incorporated by reference as though set forth in full herein for the purpose of alleging forfeiture pursuant to Title 7, United States Code, Section 2156(e); and Title 28, United States Code, Section 2461(c).

18.     As a result of committing the offenses alleged in Counts One and Two of this Information, the defendant shall forfeit to the United States, pursuant to Title 7, United States Code, Section 2156(e) and Title 28, United States Code, Section 2461(c), any and all animals involved in the commission of such offenses, and all items of property facilitating the offense and property used in or involved in the offense, including but not limited to:

- Two male pit-bull dogs seized on June 1, 2016, from 5501 Jay Street NE, in Washington, District of Columbia;

- Two female pit-bull dogs seized on June 1, 2016, from 5501 Jay Street NE, in Washington, District of Columbia;

- Electronics used to facilitate and during the dog-fighting enterprise, comprised of an HTC cell phone, a Samsung phone in blue case and charger, two Cricket cell phones, and a Kindle seized on June 1, 2016, from 5501 Jay Street NE, in Washington, District of Columbia; and

- All property and /or records used and/or intended to be used in connection with unlawful animal fighting seized on June 1, 2016, from 5501 Jay Street NE, in Washington, District of Columbia, including, but not limited to the property listed below:

1. Dog pedigree / breeder paperwork;
2. Two dog crates;
3. Several dog leashes, collars, harnesses;
4. Two metal weights attached to harnesses and large-link chains;
5. Two pulling harnesses with clips;
6. Two weighted collars;
7. Two rope lures with attached dog toys;
8. Ceiling hook;
9. Animal supplements, including muscular stimulant, tetanus treatment, antibiotic, anti-fungus treatment;
10. Medicinal kit containing first aid supplies and metal rings, water sprayer;
11. Two "Bark Stop" machines and collars; and
12. Training sticks, including bite stick and flirt pole.


RAJ PAREKH
ACTING UNITED STATES ATTORNEY

By: _____

Digitally signed by Olivia
L. Norman
Date: 2021.04.02
10:36:45 -04'00'

Olivia L. Norman
Assistant United States Attorney
Shennie Patel
Trial Attorney
Environmental Crimes Section
Environment and Natural Resources
Division