IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ODELL S. ANDERSON, SR.,<br><br>Defendant. | Criminal Case No. 3:21-cr-026 |

## STATEMENT OF FACTS

The United States and the defendant, ODELL S. ANDERSON, SR. (hereinafter, "the defendant"), agree that at trial, the United States would have proven the following facts beyond a reasonable doubt with admissible and credible evidence:

1. Starting in or before April 2013, and continuing through and including June 1, 2016, in the Eastern District of Virginia, and elsewhere within the jurisdiction of this Court, the defendant did knowingly, intentionally, and unlawfully combine, conspire, confederate, and agree with others to sponsor and exhibit dogs in animal fighting ventures, in violation of Title 7, United States Code, Section 2156(a)(1), and Title 18, United States Code, Section 49; and to sell, buy, possess, train, transport, deliver, and receive dogs for the purposes of having the dogs participate in animal fighting ventures, in violation of Title 7, United States Code, Section 2156(b), and Title 18, United States Code, Section 49, all in violation of Title 18, United States Code, Section 371.

2. On or about April 3, 2016, in the Eastern District of Virginia, defendant knowingly and unlawfully caused a child who had not attained the age of 16 to attend an animal fighting venture, in violation of Title 7, United States Code, Section 2156(a)(2)(B).

1

3. In 2013, coconspirator CM set up defendant's dog fighting kennel "MOB" aka "Make or Break." During the course of this conspiracy from 2013 to 2016, defendant attempted to and successfully set up chain weight training dog fights with his coconspirators, including coconspirator EP and coconspirator CM. Defendant participated in some of these fights and also in dog fights involving a several-week training regimen before the event.

4. In furtherance of the conspiracy, defendant established rules for the dog fights with coconspirator CH via text messaging regarding a dog fight event they planned to occur on April 3, 2016, in King George, Virginia, between one of defendant's male dogs and coconspirator MA's dog. The rules included "no open invitations" and "no walk-ins."

5. Defendant set up a second dog fight for that same dog fight event on April 3, 2016, in King George, Virginia, between the dogs belonging to coconspirator EP and coconspirator CM.

6. Defendant trained his male dog, "Cookie Monster," for the April 3, 2016, dog fight and texted to coconspirators photos and videos of "Cookie Monster" being trained.

7. On April 3, 2016, at approximately 9:00p.m., defendant met up with coconspirator CH, coconspirator EP, and others at a Walmart located in King George, Virginia, before being led to the dog fight location in King George, Virginia.

8. On April 3, 2016, defendant traveled to a house on Caledon Road, King George, Virginia, for the purposes of fighting his dog in a "two-card" dog fighting event featuring two dog fights: one involving defendant's dog "Cookie Monster" and his New Jersey opponent, coconspirator MA from G Grove kennels; and another involving canines belonging to two other

coconspirators. Defendant owned, possessed, and trained the pit bull-type dog, "Cookie Monster," that he sponsored and exhibited in the dog fighting event. Defendant's dog won the fight in 41 minutes.

9. Defendant took his seven year old son with him to attend the April 3, 2016, dog fights.

10. On June 1, 2016, law enforcement executed a search and seizure warrant at defendant's residence located on Jay Street NE, in Washington, District of Columbia, and seized four pit bull-type dogs maintained in conditions consistent with use in dog fighting and/or dog fighting ventures. Most of the dogs had scarring consistent with use in dog fighting. Defendant was cooperative during the execution of the search warrant. Law enforcement also seized from the residence defendant's dog "Cookie Monster" that was involved in the April 3, 2016 dog fight. At defendant's residence, law enforcement also seized equipment used to maintain and train dogs for fighting purposes, some of which was manufactured and possessed in interstate commerce.

11. This statement of facts includes only those facts necessary to support the plea agreement between the defendant and the United States. It does not include each and every fact known to the defendant or to the United States, and it is not intended to be a full enumeration of all of the facts surrounding the defendant's case.

12. The actions of the defendant, as recounted above, were in all respects knowing and deliberate, and were not committed by mistake, accident, or other innocent reason.

Respectfully submitted,

Raj Parekh
ACTING UNITED STATES ATTORNEY

Date: June 1, 2021     By: *[signature]*
Olivia L. Norman
Assistant United States Attorney

U.S. DEPARTMENT OF JUSTICE

Date: June 1, 2021     By: *[signature]*
Shennie Patel
Trial Attorney, Environmental Crimes Section
U.S. Department of Justice
Environment and Natural Resources Division

After consulting with my attorney and pursuant to the plea agreement entered into this day between the defendant, ODELL S. ANDERSON, SR., and the United States, I hereby stipulate that the above Statement of Facts is true and accurate, and that had the matter proceeded to trial, the United States would have proved the same beyond a reasonable doubt.

Date: 3/25/2021

_____
ODELL S. ANDERSON, SR.

I am Christopher A. Griffiths, defendant's attorney. I have carefully reviewed the above Statement of Facts with him. To my knowledge, his decision to stipulate to these facts is an informed and voluntary one.

Date: 3/25/21

_____
Christopher A. Griffiths, Esq.
Attorney for ODELL S. ANDERSON, SR.