UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v.  : | Case No.: 3:21CR00026-JAG |
| : | |
| ODELL S. ANDERSON, SR. : | |
| : | |
| Defendant. : | |

### **DEFENDANT'S MEMORANDUM IN AID OF SENTENCING**

The defendant, Odell Anderson, through his attorney, Christopher A. Griffiths, submits this memorandum in aid of sentencing.

### **INTRODUCTION**

On June 1, 2016, an investigation into the dog fighting activities of Odell Anderson culminated in the execution of a search warrant at his home located on Jay Street, N.E. in Washington, D.C. Almost five years later, on April 2, 2021, Mr. Anderson was charged by criminal information with conspiracy to operate an animal fighting venture in violation of 7 U.S.C. §2156(a)(1) and taking a minor to an Animal Fighting Venture, in violation of 7 U.S.C. §2156(a)(2)(B).

Mr. Anderson appeared before the Court for initial appearance on June 1, 2021. Anderson waived indictment, and entered a plea of guilty to both counts of the information pursuant to a plea agreement. The Court released Anderson on his own recognizance.

The sentencing guidelines in this matter as calculated in the pre-sentence report are 12 months to 18 months. Given that Mr. Anderson completely abandoned any involvement in dog fighting immediately after a search warrant was executed at his home, combined with his

demonstrated dedication to his family, and his professional achievements, a sentence below the bottom of the guidelines range is appropriate.

## LEGAL FRAMEWORK FOR SENTENCING

The Court is guided in its sentencing discretion by 18 U.S.C. §3553(a)(2). The Court must fashion a sentence which is "sufficient, but not greater than necessary," to achieve the purposes of sentencing set forth in that code provision, which includes the following: the history and characteristics of the defendant; the seriousness of the crime; the need to afford deterrence; the need to protect the public from further crimes of the defendant; and, the need to provide the defendant with educational and vocation training.

The Court is also guided by the Sentencing Guidelines. While this Court must correctly calculate the guideline range, it may not treat the range as mandatory or presumptive. Gall v. United States, 522 U.S. 38, 39 (2007); Nelson v. United States, 555 U.S. 38, 39 (2007). The guidelines are just one factor among several to be considered in imposing an appropriate sentence under §3553(a). Kimbrough v. United States, 552 U.S. 85, 90 (2007). The Court must consider all of the §3553(a) factors, make an individualized assessment based on the facts presented, and explain how the facts relate to the purpose of sentencing. Gall, at 49-50. *See also*, Pepper v. United States, 562 U.S. 476 (2011).

The Court is to "consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and punishment to ensue." Pepper, at 487. The statutory mandate is for the Court to impose a sentence sufficient, but not greater than necessary, to comply with the purposes of §3553(a). Accordingly, "if a district court were explicitly to conclude that two sentences equally served the

statutory purpose of §3553, it could not, consistent with the parsimony clause, impose the higher." United States v. Ministro-Tapia, 470 F3d 137, 140 (2nd Cir. 2006).

## APPLICABLE GUIDELINE RANGE

The PSR indicates that counts 1 and 2 are grouped for calculation of the guidelines because they involve the same victim and two or more acts or transactions connected by a common criminal objective or constituting part of a common scheme or plan. USSG §2E3.1.

As indicated in the advisory guideline stipulation contained in the plea agreement, Mr. Anderson's base offense level is 16. USSG 2E3.1. Mr. Anderson is entitled to a downward adjustment of three levels as a result of his acceptance of responsibility, and timely notification of his intent to plead guilty. There are no other adjustments to the base offense level. As a result, Mr. Anderson's total offense level was correctly calculated in the PSR as 13.

Mr. Anderson has no criminal convictions which contribute to the calculation of his criminal history. He is therefore placed in criminal history category I. His sentencing guideline range is 12 to 18 months imprisonment.

## SENTENCING CONSIDERATIONS

As is reflected by the facts underlying the guilty plea in this matter, Mr. Anderson was involved in dog fighting between 2013 and 2016. He misguidedly considered dog fighting to be a hobby, from which he derived no significant income. Clearly, he failed to comprehend the gravity of his conduct, which caused the suffering and death of defenseless animals. He also failed to recognize the seriousness with which the criminal justice system viewed his conduct.

On June 1, 2016, law enforcement executed a search warrant on his home. On that day, Mr. Anderson realized for the first time the magnitude of his misconduct, and the repercussions

for himself and his family. As a result, he ended all involvement in dog fighting on that day. Mr. Anderson has been completely removed from all aspects of dog fighting since June 1, 2016.

As is attested to by the many letters written in support of Mr. Anderson, he has lived an exemplary life in the five years since the execution of the search warrant at his home. *See*, correspondence, attached hereto. In 2016, Mr. Anderson lived in Washington D.C. with is second wife, Jacqueline Long, and their two children J'Shon (then 7 years old) and Vaniya (then 5 years old). Sadly, Mr. Anderson's relationship with his wife was deteriorating at that time, and ended in divorce shortly after Mr. Anderson's contact with law enforcement.

However, after his divorce, Mr. Anderson remained close with his children. He shares custody with his ex-wife, and his children stay with him regularly. As a family, they attend Spirit of Faith Christian Center, where the children are active in the music ministry. In correspondence dated September 20, 2021, Minister Kathleen Palmer observes that J'shon and Vaniya are both kind and respectful children. She attributes this to the love and support of their father.

Mr. Anderson has always supported his children by active involvement with their extracurricular activities. For example, he has coached J'Shon (now age 12) in football since the age of five. In correspondence dated September 16, 2021, Harold Redd, President of the Metro Bengals Youth Program, writes that Mr. Anderson has had a positive impact not only on his own son, but on all of the youth he has helped coach. In correspondence dated September 20, 2021, Tiffany Johnson recognizes that "from academics, football, cheerleading and the church youth program, Mr. Anderson is very involved with his kids."

A common theme in the letters written in support of Mr. Anderson is that he is not only a loving father, but a mentor to many children in his community. In correspondence, Minister

Donald Grant says he has "seen [Mr. Anderson's] commitment not only to his own children, but also many other children in the community." Mr. Anderson has volunteered to coach football teams on which his son did not play. He also coaches youth boxing, and volunteers with an organization called "Brotha's Huddle," which mentors at risk youth.

Mr. Anderson's professional life has also been exemplary. At the time the search warrant was served in this matter, Mr. Anderson had a good job. He was employed as an experienced glazier hanging glass for Continental Construction.
In 2018, Mr. Anderson sustained a severe back injury while working with Continental Construction. The injury was severe enough to end his career as a glazier, as he would be unable to perform the lifting required of that position.

In search of a profession that would accommodate his disability, Mr. Anderson researched the alternatives, and settled on "hot shot" trucking. Using his worker's compensation settlement, Mr. Anderson purchased a pickup truck and flatbed, which allowed him to haul loads with less overhead than large trucks. He received all of the appropriate licensing, made connections with shippers, and began hauling loads as an owner-operator. Within three months he was able to purchase a second truck, and hire a driver. The company has continued to expand, and today, he has seven trucks and trailers. He also subcontracts loads to other carriers. He makes a good living, and is able to employ scores of people.

## CONCLUSION

Mr. Anderson respectfully requests that is court consider the fact that he abandoned any involvement in criminal behavior over five years ago, when first contacted by law enforcement. He further requests that the court take into consideration his subsequent rehabilitation which is

demonstrated by his dedication to his family, and his professional achievements. He asks that the court sentence him below the bottom of the guidelines range.

                    Respectfully submitted,
                    **ROBERTS & WOOD**

                    /s/ *Christopher Griffiths*
                    Christopher A. Griffiths, Esq. (pro hac vice)
                    Attorney for Defendant
                    6801 Kenilworth Avenue, Suite 202
                    Riverdale, Maryland 20737
                    (301) 699-0764
                    (301) 699-8706 Fax
                    cgriffiths@robertsandwood.com

                    /s/ *Terrell Roberts, III*
                    Terrell N. Roberts, III, Esq.
                    VA Bar No. 29807
                    Attorney for Defendant
                    6801 Kenilworth Avenue, Suite 202
                    Riverdale, Maryland 20737
                    (301) 699-0764
                    (301) 699-8706 Fax
                    troberts@robertsandwood.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system and notification of this filing was sent to counsel of record on September 21, 2021. A copy of the foregoing was sent, via electronic mail to the United State's Attorney's Office for the Eastern District of Virginia.

                    /s/ *Christopher Griffiths*
                    Christopher A. Griffiths, Esq. (pro hac vice)