# EXHIBIT B

The following examples involve multi-defendant cases, or cases involving regionally or nationally significant dog fighters, in which courts sentenced the primary defendants to terms of imprisonment at (or above, in cases involving multiple counts of conviction*) the statutory maximum penalty of 60 months, based largely on the nature and circumstances of the offense (dog fighting):

United States v. Lee, No. 3:11-CR-30092-DRH (S.D. Ill. Nov. 17, 2011), ECF No. 32, and 37 (multi-defendants case; sentencing both Bryan and Brandon Lee to double the high end of Guidelines range on dog fighting charge, 12 months and one day);

United States v. Courtland, 642 F.3d 545, 553 (7th Cir. 2011) (affirming upward variance, sentencing to 24 months, in dog fighting case that more than tripled the Guidelines range sentence; involved 59 dogs; extensive cruelty);

United States v. Hargrove, 701 F.3d 156, 159-60 (4th Cir. 2012) (affirming 60-month sentence imposed on single dog fighting count involving 34 pit bull-type dogs for 78-year old defendant who had been a prolific dog fighter, who exhibited barbaric practices towards his dogs, where Guidelines range was zero to six months);

United States v. Jacobs, No. 7:12-CR-84-FL (E.D.N.C. Mar. 6, 2013), ECF No. 153 and 157 (multi-defendants case; sentencing both Frank and Jimmy Jacobs, varying upward in dog fighting case to 29 months for each defendant where guidelines range was 8-14 months);

United States v. Anderson, No. 3:13cr100-01-WKW (M.D. Ala. Nov. 12, 2014), ECF Nos. 583, 723 (sentencing lead defendant to 96 months on two dog fighting counts, departing and varying up from 12-18 month Guidelines range);

United States v. Allen, No. 3:13cr100-02-WKW (M.D. Ala. Nov. 12, 2014), ECF No. 581 (same case as Anderson, sentencing second most culpable co-defendant to statutory maximum penalty of 60 months on one dog fighting count);

United States v. Scott, No. 2:15CR20142-JTF-005 (W.D. Tenn. Sept. 28, 2016), ECF No. 400 (after trial, varying upward, sentencing defendant to 60 months on animal fighting conspiracy charge; separate sentence for other charges), aff'd, 716 F. App'x 477 (6th Cir. 2017);*

United States v. Carpenter, No. 2:15CR20142-JTF-002 (W.D. Tenn. June 1, 2016), ECF No. 305 (part of Scott Indictment; following plea agreement, same sentence);*

United States v. Carpenter, No. 2:15CR20142-JTF-004 (W.D. Tenn. June 6, 2016), ECF Nos. 309, 315 (part of Scott Indictment; same sentence on dog fighting charge);

United States v. Gary, No. 4:15-CR-64-2BO (E.D.N.C. Oct. 13, 2016), ECF No. 141 (upward departure to 60-month sentence for dog fighting charge, to run concurrent with sentence on drug and weapons charges), aff'd, 701 F. App'x 234 (4th Cir. 2017);*

1

United States v. Henderson, No. 7:14-CR-00051-002 (M.D. Ga. Apr. 18, 2017), ECF No. 150 (sentencing defendant to 57 months on dog fighting count, to run consecutive for 36 months to drug charges), aff'd, 724 F. App'x 851 (11th Cir. 2018);*

United States v. McCoy, No. 4:17-cr-40009-001 (C.D. Ill. Sept. 26, 2017), ECF No. 222 (pre-2016 Guidelines multi-defendant case; advisory Guidelines range 6-12 months; sentencing defendant to double the high end of Guidelines range on dog fighting charge, 24 months);

United States v. Richardson, No. 7:16-CR-122-BO7, 2017 WL 6055773, at *2-3 (E.D.N.C. Dec. 6, 2017) (varying upward from 12-18 months Guidelines range to 96-month sentence on two dog fighting counts against ringleader defendant), aff'd, 796 F. App'x 795 (4th Cir. 2019);

United States v. Chadwick, No. 7:16-CR-122-BO6, 2017 WL 6055384, at *2-3 (E.D.N.C. Dec. 7, 2017) (same case as Richardson, upward variance from 12-28 month Guidelines range to 60-month sentence on single dog fighting charge; affirmed in same appeal);

United States v. Cook, No. 7:16-CR-122-BO8, 2017 WL 6055385, at *2 (E.D.N.C. Dec. 1, 2017) (same case as Richardson, varying upward from 15-21 month Guidelines range to 45 month sentence; affirmed in same appeal);

United States v. Thompson, No. 7:16-CR-122-2BO (E.D.N.C. Dec. 22, 2017), ECF No. 355 (same case as Richardson, varying upward from 24-30 month Guidelines range to 48 month sentence; affirmed in same appeal);

United States v. Andrews, No. 7:16-CR-122-1BO (E.D.N.C., Dec. 22, 2017), ECF No. 358 (same case as Richardson, imposing 60-month sentence on dog fighting count, to run concurrent with sentence on drug charge), aff'd, 796 F. App'x 795 (4th Cir. 2019);*

Transcript of Sentencing at 17, United States v. Gaines, No. 3:17-CR-309-AET (D.N.J. Mar. 5, 2018), ECF No. 129 (sentenced to 42 months under the pre-2016 Guidelines), aff'd, 765 F. App'x 730 (3d Cir. 2019) (affirming above-Guidelines sentence and remarking that the case was "a sad reminder that man's best friend is susceptible to man's worst impulses"); see also id. at 17-19 ("this offense embodies such cruelty, just the enterprise of training dogs to fight, of staging dogs to fight, of keeping dogs in boxes in the basement, of medicating them by people who are not trained in medicine… I don't know that there's any way we can quantify really how harmful this crime is");

Transcript of Sentencing at 67-68, United States v. Atkinson, No. 3:17-CR-222-PGS-1, (D.N.J. Apr. 18, 2018) (part of Gaines Indictment & pre-2016 Guidelines; varying upwards by 12 months because "[t]here needs to be a longer period of imprisonment. We need to give a message to society that anyone that's involved in dog fighting is going to be subject to greater penalties than this, because the activity itself is depraved – it's just a very depraved activity; it's horrific and it's upsetting to everybody to see that our animal friends would be treated in such a manner");

United States v. Love, No. 3:17-CR-00051-PGS-3 (D.N.J. July 9, 2019), ECF No. 295 (part of Gaines Indictment & pre-2016 Guidelines; following trial, varying upward from 18-24 month Guidelines range sentence and sentencing dog fighting defendant to 54 months for trafficking in and possessing fighting dogs as well as for threatening and obstructive conduct to trial witnesses);

United States v. Arellano, No. 3:17-CR-00051-PGS-1 (D.N.J. Apr. 10, 2019), ECF No. 267 (part of Gaines Indictment & pre-2016 Guidelines; following trial, varying upward from Guideline range of 15-18 months to 48 month sentence for regionally significant dog fighter);

Transcript of Sentencing at 24, United States v. Ware, 3:17-CR-00051-PGS-4 (D.N.J. May 29, 2019), ECF No. 296 (part of Gaines Indictment & pre-2016 Guidelines; following trial, varying upwards by 10 months as to lower-tier defendant who possessed only two fighting dogs);

United States v. Cuellar, 3:17-CR-00312-PGS-1 (D.N.J. Mar. 19, 2018), ECF No. 117 (part of Gaines Indictment & pre-2016 Guidelines; sentencing cooperating, *de minimis* defendant in dog fighting case to twice the high end of his Guidelines range (12 months and 1 day), varying upward due to nature of the offense).

United States v. Peaks, et al., 1:16-cr-35 (W.D.Va. 2016) (plead guilty to an animal fighting conspiracy, taking a minor to a rooster fight, and hydrocodone distribution. Peaks was sentenced to 24 months on each count, to be served concurrently, based on the offenses and his prior criminal history. He was sentenced under November 2016 guidelines).